ALPHONSO BOCCHINO, DEFENDANT, v. MUNSO COOK, PROSECUTOR.

Argued November 6, 1901—Decided February 24, 1902.

1. One who extorts money from another cannot set up in defence to a suit for the money extorted that he acted as agent and has paid over the money to his principal.
2. In such case action for money had and received will lie.
3. The District Court has the power of amendment as fully as the higher courts.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *Harry F. Barrell.*

For the defendant in *certiorari, Algernon F. Sweeney.*

The opinion of the court was delivered by

GARRETSON, J. This *certiorari* brings up a judgment recovered by the defendant in *certiorari* in a District Court. The summons is on contract. The state of demand sets forth that the plaintiff demands of the defendant $50, for that the plaintiff was employed by a railroad company, in a gang of men under the defendant, a section foreman of the company; that defendant fraudulently, and with intent to extort money from the plaintiff, exhibited to plaintiff a paper, which the said defendant stated was an order from his superior officer to collect $10 from each of the men under him, and if they did not pay the same to discharge them, and the said defendant threatened that if plaintiff did not pay the $10 defendant would be obliged to discharge him, and by means of said threats defendant extorted from said plaintiff $10, and that he paid said defendant $10, by compulsion of defendant against the plaintiff's will, to avert the threatened injury of discharge from his employment with said company,

and that judgment will be claimed to recover back $10 as money had and received to the plaintiff's use, with interest, &c. The state of demand was amended in this, that the plaintiff demands the sum mentioned in original state of demand as money obtained and extorted by said defendant by falsely alleging that said defendant was ordered by his superior officer to collect the $10 mentioned, and pretended that such order was one that he was bound to carry out. The judge found that the $10 paid by the plaintiff was an extortion; that it was paid under fear of discharge; that it was not paid voluntarily, and that the defendant was well aware of this fact when he received the money, and that, by his talk with the men, he led them to believe that their continued employment depended on the payment of the money, even if he did not actually threaten to discharge.

We think that these conclusions were fully warranted by the evidence. The judge also found that the defendant says he did not profit by it; that no part of the money was retained by him, and that there was no evidence to contradict this.

It was argued that the defendant was only the agent, receiving no benefit, and that there was no promise, no contract implied on which this action can be maintained. When one extorts money from another, and is sued for it, he cannot set up in defence that he received the money as agent and has paid it over to another as principal. The relation of principal and agent cannot exist for any such purpose. He himself received the money.

The following rules are laid down in 1 *Am. & Eng. Encycl. L.* (2d ed.) 1131, 1136: "When money is illegally demanded and received by an agent from a third person, by compulsion or otherwise, the agent cannot exonerate himself from personal responsibility by paying it over to his principal. Where the injury results, not from mere non-feasance or omission of duty by the agent, but from his positive misfeasance, or where, according to the better authority, it results from such omission of duty or act of negligence on the part of the agent as partakes of the character of a misfeasance, the agent

is personally liable to the third person; the actual perpetrator of the positive wrong not being permitted to relieve himself by showing that the wrong was done while he was acting in the course of his employment as agent for another. In all such cases he is personally liable, whether he did the wrong intentionally or ignorantly by authority of his principal; for a principal cannot confer on his agent any authority to commit a tort upon the rights or property of another.

"An agent will be held personally liable to third persons for all damages sustained by them in consequence of any fraudulent or malicious acts committed by him on behalf of his principal, and in an action against the agent for fraud, the fact that he derived no personal profit or benefit therefrom is immaterial." *Horner* v. *Lawrence,* 8 *Vroom* 46.

In *Bennett* v. *Ives,* 30 *Conn.* 329, it was held: "The actual perpetrator of a positive and obvious wrong can never exonerate himself from personal liability by showing that he was acting as the agent or servant of another, or even by his superior's command." *Carew* v. *Rutherford,* 106 *Mass.* 1.

The money received by the defendant in this case can be regarded only as received for his own benefit, because he could not be employed as agent to extort it in the manner he did for the benefit of a principal. The actions in *Bennett* v. *Ives* and *Carew* v. *Rutherford, supra,* were both for money had and received, and we think that the action in this case was in proper form.

The judge below said that if he had not thought the plaintiff entitled to recover the money paid under contract, that he would then have regarded it as his duty to amend the process and demand to an action on the case for deceit, and to give judgment thereon for the plaintiff.

That the District Court has power to amend in the manner indicated fully appears from section 161 of the District Court act (*Pamph. L.* 1898, *p.* 616), which is a copy of section 138 of the Practice act (*Gen. Stat., p.* 2556), and such amendment may now be made. *American Life Insurance Co.* v. *Day,* 10 *Vroom* 89; *Ware* v. *Millville Fire Insurance Co.,* 16 *Id.* 177.

The judgment should be affirmed, with costs.